UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES - GENERAL

| Case No.:  2:19-cv-10073-AB-JEM | Date:   June 17, 2020 |
|---|---|

| Title: | *Rosanna Montemayor, et al. v. Ford Motor Company, et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:      [In Chambers] ORDER <u>GRANTING</u> PLAINTIFFS' MOTION FOR REMAND AND <u>DENYING AS MOOT</u> DEFENDANT'S MOTION TO DISMISS [DKT. NOS. 15, 23]**

Before the Court is Plaintiffs Rosanna Montemayor's and Jesse R. Montemayor's ("Plaintiffs") motion for remand. (Dkt. No. 15.) Defendants Ford Motor Company and Magic Acquisition Corp. ("Defendants") oppose Plaintiffs' motion. (Dkt. No. 27.) The Court finds this matter suitable for decision without oral argument and takes Plaintiffs' motion under submission. *See* Local Civil Rule 7-15. For the reasons stated below, the Court **<u>GRANTS</u>** Plaintiffs' motion for remand. Defendant Magic Acquisition Corp.'s motion to dismiss (Dkt. No. 23) is **<u>DENIED</u>** as moot.

## I.      BACKGROUND

On October 21, 2019, Plaintiffs filed their complaint against Defendants and Does 1-10 in the Superior Court of the State of California, County of Los Angeles. (Dkt. No. 1-1.)

On November 26, 2019, Defendants removed Plaintiffs' suit to this Court. (Dkt. No. 1). In their notice of removal, Defendants argued that removal was proper because the only non-diverse defendant, Defendant Magic Acquisition Corp., was fraudulently joined and is a dispensable party. (*Id*.) Plaintiffs' complaint alleges one cause of action for breach of the implied warranty of merchantability against Defendant Magic Acquisition Corp. (Dkt. No. 1-1 ¶¶ 29–33.) Defendants further argued that removal was proper based on federal question jurisdiction, as Plaintiffs alleged one cause of action for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. The parties subsequently stipulated to dismissal of Plaintiff's federal claim. (Dkt. Nos. 12, 13.)

Plaintiffs now move to remand this action on the ground that Defendant Magic Acquisition Corp. was not fraudulently joined, thus eliminating complete diversity of citizenship among the parties. (*See* Dkt. No. 15.) Plaintiffs also move to remand on the grounds that the amount in controversy requirement is not met, and that the Court no longer has federal question jurisdiction. (*Id*.)

## II.    LEGAL STANDARD

### A. Removal Jurisdiction

28 U.S.C. § 1441(a) ("Section 1441") provides that a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1332 ("Section 1332") provides that a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332(a)(1) requires complete diversity, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Section 1441(b)(2) further limits removal based on diversity jurisdiction to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir.2006); *Martinez v. Los Angeles World Airports*, 2014 WL 6851440, at *2 (C.D. Cal. Dec. 2, 2014). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*

*v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B. Fraudulent Joinder

A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was "fraudulent" or a "sham." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citation omitted).

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citing Moore's Federal Practice (1986) ¶ O.161). In practice, the burden of proving fraudulent joinder is a heavy one, *Gaus*, 980 F.2d at 566, as the defendant must prove fraudulent joinder by clear and convincing evidence. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir.1998)).

Courts have characterized a defendant's heavy burden as reflecting a presumption against fraudulent joinder that a defendant can overcome only by establishing the following. First, the removing party must prove there is "no possibility that plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). "[M]erely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder." *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Lieberman v. Meshkin, Mazandarani,* No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). Second, it must appear to "a near certainty" that joinder was fraudulent. *Lewis v. Time, Inc.,* 83 F.R.D. 455, 466 (E.D. Cal.1979), *aff'd,* 710 F.2d 549 (9th Cir. 1983). Finally, the court must resolve disputed questions of fact and all ambiguities in state law in favor of the plaintiffs. *Bravo v. Foremost Insurance Group,* 1994 WL 570643 at *

2 (N.D. Cal. Oct. 11, 1994). It therefore follows that the defendant "must show that the relevant state law is so well settled that plaintiff 'would not be afforded leave to amend his complaint to cure th[e] purported deficiency.' " *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) (quoting *Burris v. AT & T Wireless, Inc.*, No. 06–02904 JSW, 2006 WL 2038040, *2 (N.D. Cal. Jul. 19, 2006)

Thus, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [any] purported deficiency.'" *Padilla v. AT & T Corp.*, 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009); *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand."). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Gonzalez v. J.S. Paluch Co.*, 2013 WL 100210, at *4 (C.D. Cal. Jan.7, 2013) (internal quotations omitted); *accord Ballesteros v. American Standard Ins. Co. of Wisconsin*, 436 F.Supp.2d 1070, 1072 (D. Ariz. 2006) (same) (citing *Mayes v. Rapoport*, 198 F.3d 457, 463-64 (4th Cir. 1999); *see also Warner v. Select Portfolio Servicing*, 193 F. Supp. 3d 1132, 1136 (C.D. Cal. 2016) (aptly summarizing the "immense burden" removing defendants must satisfy to establish fraudulent joinder). Finally, "[in] considering the validity of plaintiff's claims, 'the [c]ourt need only determine whether the claim seems valid' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Sabag v. FCA US, LLC*, No. 16-cv-06639-CAS, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016) (quoting *Freedman v. Cardinal Health Pharm. Servs., LLC*, No. 14-cv-01994-JAM, 2015 WL 2006183, at *3 (E.D. Cal. 2015)).

## III.   DISCUSSION

### a.   Defendants have not met their burden of demonstrating fraudulent joinder

The Court concludes that Defendants have not met their heavy burden to show that Defendant Magic Acquisition Corp. was fraudulently joined.

Plaintiff brings suit against Defendant Magic Acquisition Corp. to recover under California law for breach of the implied warranty of merchantability. (*See* Dkt. No. 1-1 ¶¶ 29–33.) Defendants argue that Plaintiffs' claim for breach of the

implied warranty of merchantability is time-barred and cannot be tolled as currently pleaded. (Dkt. No. 27 at 7–17.)

However, in making these arguments, Defendants fail to meet their burden of showing that Plaintiffs' complaint "can[not] possible be cured by granting [Plaintiffs] leave to amend." *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 550 (9th Cir. 2018). Here, Plaintiffs argue that any deficiency with respect to their implied warranty of merchantability claim could be cured by the allegation of additional facts in support of their claim. (*See* Dkt. No. 29 at 10) ("[E]ven if the tolling allegations were not sufficiently pleaded, Ford has not shown that plaintiffs would not be able to amend their complaint[] to allege a viable tolling theory."). Further, with respect to the statute of limitations, Defendants make no showing that any statute of limitations bar could not be tolled. Defendants argument that Plaintiffs' complaint does not by itself establish tolling of the statute of limitations is unavailing.[1] *See Grancare*, 889 F.3d at 550 ("If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent [joinder] inquiry does not end there . . . [T]he district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.").

Because Defendants have not shown that any of the purported deficiencies in Plaintiffs' implied warranty of merchantability claim cannot possibly be cured by amendment, Defendants fail to meet their burden of demonstrating that Defendant Magic Acquisition Corp. was fraudulently joined. Accordingly, Defendants fail to demonstrate complete diversity of citizenship among the parties.

## b. Plaintiffs' federal claim has been dismissed, and the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims

Defendants removed this case on the additional ground of federal question jurisdiction. (*See* Dkt. No. 1 at 6–8.) However, on April 13, 2020, the Court

---

[1] Defendants' argument in their Notice of Removal that Defendant Magic Acquisition Corp. is a dispensable party is similarly unavailing. *See Torres v. Ford Motor Co.*, No. SACV 18-00232-CJC (DFMx), 2018 WL 4182487, at *2 (S.D. Cal. Aug. 30, 2018) ("Where, as here, the breach of warranty claims against the manufacturer and dealership arise from the same vehicle and alleged defects, California district courts have held that the dealership is 'necessary for just adjudication' of the claims and thus was properly joined.").

granted the parties' stipulation to dismiss Plaintiff's sixth cause of action, violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*., Plaintiff's sole federal claim. (Dkt. No. 13.) Although "removability is analyzed on the basis of the pleadings on file at the time of removal*," Millar v. Bay Area Rapid Transit Dist*., 236 F. Supp. 2d 1110, 1116 (N.D. Cal. 2002), "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Acri v. Varian Assocs*., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). In the present case, considerations of judicial economy way in favor of remand, as the Court has expended only modest resources in its review. Considerations of comity likewise favor remand, as "it is . . . preferable as a matter of . . . respect for our sister state institutions . . . for state court judges to apply state law to plaintiff's state-law claims." *See Millar*, 236 F. Supp. 2d at 1120. Finally, considerations of fairness and convenience are neutral in the Court's analysis, as neither party has demonstrated that it would be disadvantaged or inconvenienced litigating in California state court. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c).

## IV.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' motion for remand. Defendant Magic Acquisition Corp.'s motion to dismiss (Dkt. No. 23) is **DENIED** as moot. This case is hereby **REMANDED** to the state court from which it was removed.

**IT IS SO ORDERED**.